Kenneth Wayne SELF, Petitioner—Appellant,

v.

Richard A. RIMMER, Director, Respondent—Appellee.

No. 05–55999.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2008.

Filed June 13, 2008.

Tracy J. Dressner, Attorney at Law, La Crescenta, CA, for Petitioner–Appellant.

Kenneth Wayne Self, pro se.

Daniel B. Rogers, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

## MEMORANDUM *

Kenneth Wayne Self appeals the district court's denial of his petition for habeas corpus. Self argues that he is entitled to habeas relief because the California Court of Appeal unreasonably concluded that the introduction of hearsay evidence at his trial, though potentially a violation of the Confrontation Clause, was harmless under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Self also contends that the California Court of Appeal unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when it concluded that his trial counsel did not render ineffective assistance. We conclude that habeas relief is not warranted on either ground.

■ We agree with Self that the California Court of Appeal unreasonably applied *Chapman*, 386 U.S. at 18, 87 S.Ct. 824, when it concluded that the introduction of hearsay evidence found in the day planner and computer of Self's victim was

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

harmless. The day planner and computer data were central to the prosecution's case. While it is possible that the evidence would have been sufficient to convict Self absent the introduction of this hearsay, it is not plausible that the day planner and computer data "did not contribute to the verdict obtained." *Chapman,* 386 U.S. at 24, 87 S.Ct. 824; *see also Sullivan v. Louisiana,* 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). We likewise believe that the erroneous introduction of the day planner and computer data had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see also Fry v. Pliler,* —— U.S. ——, 127 S.Ct. 2321, 2325, 168 L.Ed.2d 16 (2007) (federal habeas court must apply *Brecht* even where state court fails to properly apply *Chapman* ).

■ However, despite our conclusion that the introduction of the day planner and computer data contributed substantially to Self's conviction, habeas relief is not warranted in this case because the introduction of this hearsay evidence does not, in fact, constitute a violation of the Confrontation Clause. Where, as here, a state court has misapplied the harmless error doctrine without finding an underlying constitutional violation, a federal court must determine that a constitutional error in fact exists before granting habeas relief. *Frantz v. Hazey,* 513 F.3d 1002, 1013–14 (9th Cir.2008) (en banc). In seeking habeas relief, Self must demonstrate error in his case under the Supreme Court's current interpretation of the Confrontation Clause. *See Lockhart v. Fretwell,* 506 U.S. 364, 372–73, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Under this interpretation, the day planner and computer data do not implicate the Sixth Amendment because they were non-testimonial. *See Davis v. Wash-*

*ington,* 547 U.S. 813, 822–26, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

We also conclude that Self is not entitled to habeas relief based on the ineffectiveness of his trial counsel, because he failed to exhaust this claim in the California courts. *See* 28 U.S.C. § 2254(b)(1)(A). Self's petition to the California Supreme Court alleged that his "trial counsel were constitutionally ineffective," but did not make explicit the federal basis for this claim. *See Gatlin v. Madding,* 189 F.3d 882, 887–88 (9th Cir.1999). This deficiency was not cured by the fact that Self attached the opinion of the California Court of Appeal; such incorporation by reference is insufficient to raise an issue with the California Supreme Court. *See* Cal.Rules of Court, Rule 8.504(e)(3).

Finally, we decline to expand the certificate of appealability to include the additional issues Self briefed on appeal. The evidence in Self's case was plainly sufficient under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). It is likewise clear that the California Courts did not unreasonably apply federal law in concluding that the state did not violate the Sixth Amendment by seizing a timeline created by Self at the request of his attorney prior to the commencement of adversary judicial proceedings in Self's case. *See Doggett v. United States,* 505 U.S. 647, 664 n. 2, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

AFFIRMED.